Image ID: D00304482D01

**SUMMONS**

Doc. No. 304482

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

Applied Underwriters Inc v. Top's Personnel Inc

Case ID: CI 15   839

TO: Top's Personnel Inc

You have been sued by the following plaintiff(s):

Applied Underwriters Inc          Applied Risk Services Inc

Plaintiff's Attorney:   Jeffrey A Silver
Address:                10805 Old Mill Rd.
                        Omaha, NE 68154-2607

Telephone:              (402) 393-1984

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: FEBRUARY 3, 2015      BY THE COURT:  *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Top's Personnel Inc
Iris Gruber, Reg. Agent
2815 John F Kennedy Blvd #2F
Jersey City, NJ 07306

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

EXHIBIT A

**SERVICE RETURN**                                Doc. No.  304482

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 15    839 Applied Underwrite v. Top's Personnel In

Received this Summons on _____. I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons upon the party: _____

by _____

_____

as required by Nebraska state law.

Service and return    $ _____

Copy                     _____

Mileage ____miles        _____

TOTAL           $ _____

Date: _____     BY: _____
                                    (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Top's Personnel Inc                From: Jeffrey A Silver
    Iris Gruber, Reg. Agent                  10805 Old Mill Rd.
    2815 John F Kennedy Blvd #2F             Omaha, NE 68154-2607
    Jersey City, NJ 07306

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150000839
Transaction ID: 0002040024
Filing Date: 02/03/2015 10:43:55 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., A Nebraska Corporation, and APPLIED RISK SERVICES, INC., ) ) ) ) | CASE NO. _____ |
| Plaintiffs, ) ) | |
| vs. ) ) | **PRAECIPE** |
| TOP'S PERSONNEL, INC. A New Jersey Corporation, ) ) ) ) | |
| Defendant. ) | |

TO THE CLERK OF SAID COURT:

Please issue Summons to serve Defendant **Top's Personnel, Inc.** with copy of the Complaint by Certified Mail as follows: **Iris Gruber, Top's Personnel, Inc.**, 2815 John F. Kennedy Boulevard, Suite 2F, Jersey City, New Jersey 07306, in the above-entitled case.

DESIGNATE MODE OF SERVICE:

SHERIFF: ☐

CERTIFIED MAIL: X

/s/ Jeffrey A. Silver
JEFFREY A. SILVER    #13839
10805 Old Mill Road
Omaha, Nebraska 68154
(402) 393-1984
ATTORNEY FOR PLAINTIFFS

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI150000839
Transaction ID: 0002040024
Filing Date: 02/03/2015 10:43:55 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., ) <br> A Nebraska Corporation, and ) <br> APPLIED RISK SERVICES, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> TOP'S PERSONNEL, INC. A ) <br> New Jersey Corporation, ) <br> ) <br> Defendant. ) | CASE NO. _____ <br> <br> <br> <br> <br> <br> **COMPLAINT** |

COME NOW Applied Underwriters, Inc. and Applied Risk Services, Inc. and for their Complaint against Top's Personnel, Inc. ("Top's Personnel") state and allege as follows:

1. Plaintiff Applied Underwriters, Inc. ("Applied") is a Nebraska Corporation with its principal place of business in Omaha, Douglas County, Nebraska.

2. Plaintiff Applied Risk Services, Inc. ("ARS") is a Nebraska Corporation with its principal place of business in Omaha, Douglas County, Nebraska and serves as the billing agent for various insurance affiliates.

3. Defendant Top's Personnel is a New Jersey Corporation with its principal place of business in Jersey City, New Jersey.

**COUNT I**

4. On or about May 15, 2014, Top's Personnel for good and valuable consideration executed a Promissory Note (the "Note") in favor of Applied in the principal

1

amount of $119,645.13 with interest thereon, a true and accurate copy of which is attached as Exhibit 1.

5.    Jurisdiction and venue are proper in this Court pursuant to Paragraph 17 of the Note.

6.    Top's Personnel has failed to make the required payments under the Note and Applied has made written demand on Top's Personnel for payment of the outstanding principal and interest due.

7.    Top's Personnel has have failed, refused, and neglected to pay the Note, and there is currently due after all credits $126,488.45 plus accruing per diem interest.

WHEREFORE, Applied prays for judgment against Top's Personnel under Count I in the amount of $126,488.45 plus accruing per diem interest and the costs of this action.

## COUNT II

8.    Plaintiff incorporates herein Paragraphs 1 through 7 of Count I as if fully set forth herein.

9.    Applied through its affiliates and subsidiaries provided workers' compensation insurance to Top's Personnel.

10.   Top's Personnel owes ARS $229,934.83 as set forth in Exhibit 2 attached hereto and incorporated by this reference.

WHEREFORE, ARS prays for judgment against Top's Personnel under Count II in the amount of $229,934.83 plus prejudgment and post judgment interest and the costs of this action.

APPLIED UNDERWRITERS, INC. and APPLIED RISK SERVICES, INC., Plaintiffs

BY  /s/Jeffrey A. Silver
JEFFREY A. SILVER  #13839
10805 Old Mill Road
Omaha, Nebraska  68154
(402) 393-1984
ATTORNEY FOR PLAINTIFFS

## PROMISSORY NOTE

$119,645.13

Jersey City, NJ
May 15, 2014

FOR VALUE RECEIVED, the undersigned on behalf of the following entities Bay Personnel, Inc. L/C F; Cobra Transportation, Inc.; DD Management, LLC; DMS Express, Inc.; Dynamic CFS, Inc.; Dynamic Delivery Services, Inc.; Dynamic Distribution Services, Inc.; Dynamic Express, Inc.; Dynamic Handling Corp.; Dynamic International USA, Inc.; Dynamic Worldwide Logistics, Inc.; FIFO, Inc.; Garment Distribution, Inc.; ICON Express, Inc.; International Leasing Corporation; J.C.T. Leasing Corp.; JHT Leasing Corp.; L&L Select Container, Inc.; Linear Logistics, LLC; NB Management, LLC; NCK Personnel, Inc. L/C F; Star Distribution, Inc.; T&T NYNJ Realty Corp.; Tomorrow's Personnel, Inc. L/C/F; Top's Personnel, Inc L/C F; Triangle Distribution, Inc.; TST, LLC; Vectra Realty, Inc (collectively the "Maker") with its address at 2815 John F Kennedy Blvd. Suite 2F, Jersey City, New Jersey 07306, acknowledging its indebtedness (including workers' compensation premiums) to Applied Underwriters, Inc. and its affiliates and subsidiaries (collectively the "Holder") and promises to pay to Holder at such office or at such other place as the Holder shall designate to the Maker in writing, the principal sum of One Hundred Nineteen Thousand Six Hundred Forty-Five and 13/100 Dollars ($119,645.13) together with interest on the unpaid principal amount from time to time outstanding from and including the date hereof until such principal is paid in full in accordance with the provisions of this Promissory Note (the "Note"). The principal of and interest on this Note shall be due and payable at such time as set forth in Section 1.

1. Principal. The principal and interest shall be payable on December 13, 2014.

2. Interest. Interest shall be paid on the outstanding principal amount of this Note at the monthly rate of 0.8735% (the "Interest Rate"). Interest on this Note shall accrue from the date of issuance until repayment of the principal and payment of all accrued interest in full and shall be computed on the basis of a 360-day year of twelve 30-day months.

3. Application of Payments. All payments or prepayments under this Note shall be applied first to any costs, fees and expenses (including legal fees) incurred by the Holder in the exercise of the Holder's rights hereunder, if any, then to payment of default interest, if any, then to payment of accrued interest and then to payment of principal. Allocation of such payment to specific amounts owed by Maker shall be at Holder's sole discretion.

4. Defaults and Remedies.

    (a) Events of Default. An "Event of Default" shall occur if

1



(i) the Maker shall default in the payment of an installment payment of this Note, when and as the same shall become due and payable, and such default shall continue for a period of ten (10) days following notice thereof from the Holder; or

(ii) the Maker shall default in the payment of the principal of this Note, when and as the same shall become due and payable, whether at maturity or by acceleration or otherwise; or

(iii) the Maker shall default in the due observance or performance of any covenant, condition, or agreement on the part of Maker to be observed or pursuant to the terms hereof; or

(iv) the Maker commences any case, proceeding or other action under any existing or future law of any jurisdiction, domestic or foreign, relating to bankruptcy, insolvency, reorganization or relief of debtors, seeking to have an order for relief entered with respect to the Maker, or seeking to adjudicate the Maker bankrupt or insolvent, or seeking reorganization, composition, extension or other such relief with respect to the Maker or the Maker's debts, or seeking appointment of a receiver, trustee, custodian or other similar official for all or any substantial part of the Maker's assets (a "Bankruptcy Action"); or

(v) the Maker becomes the debtor named in any Bankruptcy Action which results in the entry of an order for relief or any such adjudication or appointment remains undismissed or undischarged for a period of sixty (60) days; or

(vi) the Maker makes a general assignment for the benefit of his creditors; or

(vii) the Maker generally fails to, or shall admit in writing his inability to, pay his or her debts as they become due; or

(viii) the Maker fails to pay Holder any amounts due and owing other than that set forth in this Note.

(b) <u>Acceleration</u>. If an Event of Default occurs under clause (a)(i), (ii), (iii), (iv), (v), (vi), (vii) or (viii) of this Section 4, then the outstanding principal of and all accrued interest on this Note shall automatically become immediately due and payable, without presentment, demand, protest or notice of any kind, all of which are expressly waived by the Maker. If any other Event of Default occurs and is continuing, then the Holder, by written notice to the Maker, may declare the principal of and accrued interest on this Note to be due and payable immediately. Upon such declaration, such principal and interest shall become immediately due and payable without presentment, demand, protest or other notice of any kind, all of which the Maker expressly waives hereby.

(c) <u>Notices</u>. The Maker shall give written notice to the Holder of the

2

occurrence of any Event of Default or any event that, after notice or lapse of time or both, would become an Event of Default.

5    Suits for Enforcement.

(a)    Upon the occurrence of any one or more Events of Default, the Holder may proceed to protect and enforce its rights hereunder in equity, at law or by other appropriate proceeding, whether for the specific performance of any covenant or agreement contained in this Note or in aid of the exercise of any power granted in this Note, or the Holder may proceed to enforce the payment of this Note, or to enforce any other legal or equitable right of the Holder.

(b)    In case of any default under this Note, the Maker will pay to the Holder such amounts as shall be sufficient to cover the reasonable costs and expenses of such Holder due to such default.

6.    Maker's Right to Prepay. Maker has the right to make prepayments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When Maker makes a prepayment, Maker will notify the Holder in writing that Maker is doing so. Maker may make a full prepayment or partial prepayment without paying any prepayment charge. The Holder will use all of Maker's prepayments to reduce the amount of principal that Maker owes under this Note. If Maker makes a partial prepayment, there will be no changes in the due date or in the amount of Maker's monthly payment unless the Holder agrees in writing to the changes.

7.    Cancellation of Workers' Compensation Policy. Maker acknowledges that the amount due under this Note represents unpaid workers' compensation premium. As a result, in the Event of a Default under Paragraph 4(a), Holder may cause any workers' compensation policy issued to Maker to be cancelled in accordance with the insurance laws of the state in which the Maker's principal place of business is located.

8.    Remedies Cumulative. No remedy herein conferred upon the Holder is intended to be exclusive of any other remedy and each and every such remedy shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute or otherwise.

9.    Remedies Not Waived. No course of dealing between the Maker and the Holder or any delay on the part of the Holder in exercising any rights hereunder shall operate as a waiver of any right.

10.    Payments. All payments and prepayments of principal and interest on this Note shall be made in lawful money of the United States of America.

11.    Notices. All notices and other communications hereunder shall be in writing and shall be deemed to have been given if delivered personally or sent by facsimile transmission.

overnight courier, or certified, registered or express mail, postage prepaid. Any such notice shall be deemed given when so delivered personally or sent by facsimile transmission (provided that a confirmation copy is sent by overnight courier), one day after deposit with an overnight courier, or if mailed, five (5) days after the date of deposit in the United States mails, to the Maker or to the Holder at such respective addresses, or as may be furnished in writing to the other party hereto.

| | |
|---|---|
| If to Maker: | Bay Personnel, Inc. L/C/F; Cobra Transportation, Inc.; DD Management, LLC; DMS Express, Inc.; Dynamic CFS, Inc.; Dynamic Delivery Services, Inc.; Dynamic Distribution Services, Inc.; Dynamic Express, Inc.; Dynamic Handling Corp.; Dynamic International USA, Inc.; Dynamic Worldwide Logistics, Inc.; FIFO, Inc.; Garment Distribution, Inc.; ICON Express, Inc.; International Leasing Corporation; J.C.T. Leasing Corp.; JHT Leasing Corp.; L&L Select Container, Inc.; Linear Logistics, LLC; NB Management, LLC; NCK Personnel, Inc. L/C/F; Star Distribution, Inc.; T&T NYNJ Realty Corp.; Tomorrow's Personnel, Inc. L/C/F; Top's Personnel, Inc. L/C/F; Triangle Distribution, Inc.; TST, LLC; Vectra Realty, Inc.<br>2815 John F Kennedy Boulevard, Suite 2F<br>Jersey City, New Jersey 07306-3936<br>Facsimile: (201) 451-7168 |
| If to Holder: | Applied Underwriters, Inc.<br>10805 Old Mill Road<br>Omaha, Nebraska 68154<br>Facsimile: 402-393-8558<br>Attn: Legal Department |

12. <u>Covenants Bind Successors and Assigns</u>. All the covenants, stipulations, promises and agreements in this Note made by or on behalf of the Holder or the Maker shall bind their respective successors and assigns, whether so expressed or not.

13. <u>Severability</u>. Any term or provision of this Note which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of this Note or affecting the validity or enforceability of any of the terms and provisions of this Note in any other jurisdiction.

4

14. <u>Lost Documents; Further Assurances</u>.

(a) Upon receipt by the Maker of evidence satisfactory to him of the loss, theft, destruction or mutilation of this Note or any Note exchanged for it, and (in the case of loss, theft or destruction) of indemnity satisfactory to him, and upon surrender and cancellation of such Note, if mutilated, the Maker will make and deliver in lieu of such Note a new Note of like tenor and unpaid principal amount and dated as of the original date of this Note.

(b) The Maker agrees to execute such further instruments and to take such further action as may reasonably be necessary to carry out the intent of this Note.

15. <u>GOVERNING LAW</u>. THIS NOTE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEBRASKA WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAW THEREOF.

16. <u>Headings</u>. The headings in this Note are for convenience of reference only and shall not limit or otherwise affect the meaning hereof.

17. <u>Waiver of Trial by Jury and Consent to Jurisdiction</u>. MAKER IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE OR THE TRANSACTIONS CONTEMPLATED BY THIS NOTE. MAKER HEREBY CONSENTS TO THE EXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT SITUATED IN DOUGLAS COUNTY, NEBRASKA, AND WAIVES ANY OBJECTION BASED ON FORUM NON CONVENIENS WITH REGARD TO ANY ACTION, CLAIM, DISPUTE OR PROCEEDING RELATING TO THIS NOTE.

18. <u>Payment Authorization and Approval</u>. Maker represents and warrants that the individual executing this Note has the requisite express authority and is duly authorized to do so. Holder is provided this supplemental authorization to initiate debit entries for payments due under this Note to the bank account provided to the below named depository ("Depository"). This authority will remain in full force and effect until Holder and Depository have received a written notification of its revocation in such time and in such manner as to afford Holder a reasonable opportunity to collect all amounts due and owing.

Banking Institution  
Bank Routing Number  
Bank Account Number  

5

Bay Personnel, Inc. L/C/F; Cobra Transportation, Inc.; DD Management, LLC; DMS Express, Inc.; Dynamic CFS, Inc.; Dynamic Delivery Services, Inc.; Dynamic Distribution Services, Inc.; Dynamic Express, Inc.; Dynamic Handling Corp.; Dynamic International USA, Inc.; Dynamic Worldwide Logistics, Inc.; FIFO, Inc.; Garment Distribution, Inc.; ICON Express, Inc.; International Leasing Corporation; J.C.T. Leasing Corp.; JHT Leasing Corp.; L&L Select Container, Inc.; Linear Logistics, LLC; NB Management, LLC; NCK Personnel, Inc. L/C/F; Star Distribution, Inc.; T&T NYNJ Realty Corp.; Tomorrow's Personnel, Inc. L/C/F; Top's Personnel, Inc. L/C/F; Triangle Distribution, Inc.; TST, LLC; Vectra Realty, Inc. ("Maker")

BY _____

PRINTED NAME: Charles Kioa k

TITLE: President

6

## SUMMARY OF AMOUNT DUE

Top's Personnel, Inc. (Account 846195)
*As of January 8, 2015*

| Statement Date | For the Period Beginning | Ending | Amount Billed | Amount Paid | Balance Due |
|---|---|---|---|---|---|
| 05/08/2014 | 04/01/2014 | 04/30/2014 | $241,551.07 | $121,905.94 | $119,645.13 |
| 06/10/2014 | 05/01/2014 | 05/31/2014 | 23,895.37 | 23,322.25 | 573.12 |
| 07/08/2014 | 06/01/2014 | 06/30/2014 | 117,244.68 | 116,199.58 | 1,045.10 |
| 08/08/2014 | 07/01/2014 | 07/31/2014 | 106,116.61 | 105,071.51 | 1,045.10 |
| 09/09/2014 | 08/01/2014 | 08/31/2014 | 148,898.68 | 147,853.58 | 1,045.10 |
| 10/08/2014 | 09/01/2014 | 09/30/2014 | 133,053.18 | 132,008.08 | 1,045.10 |
| 11/08/2014 | 10/01/2014 | 10/31/2014 | 154,126.63 | 153,081.53 | 1,045.10 |
| 12/09/2014 | 11/01/2014 | 11/30/2014 | 128,289.95 | 803.33 | 127,486.62 |
| 01/08/2015 | 12/01/2014 | 12/31/2014 | 95,793.20 | 388.71 | 95,404.49 |
| TOTAL | | | $1,148,969.37 | $800,634.51 | $348,334.86 |

EXHIBIT
2