IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC. & APPLIED RISK SERVICES, INC., | |
| Plaintiffs, | 8:15-CV-90 |
| vs. | MEMORANDUM AND ORDER |
| TOP'S PERSONNEL, INC., | |
| Defendant. | |

This matter is before the Court on defendant Top's Personnel, Inc.'s motion to dismiss (filing 10). For the reasons discussed below, the Court will order the plaintiffs to show cause why the claim alleged in Count II should not be dismissed for lack of standing.

BACKGROUND

The plaintiffs—Applied Underwriters, Inc. and Applied Risk Services, Inc.—are both Nebraska corporations. Filing 1-1 at 4. The defendant Top's Personnel is a New Jersey corporation. Filing 1-1 at 4. According to the plaintiffs, an entity called "Applied Underwriters Captive Risk Assurance Company, Inc." and Top's Personnel entered into a Reinsurance Participation Agreement (RPA).[1] Filing 17 at 3. Applied Risk Services was designated as the billing agent for both parties to the agreement. Filing 17 at 3. The RPA is dated December 14, 2011. Filing 17 at 3. The plaintiffs allege that Top's Personnel owes Applied Risk Services $229,934.83, plus interest, under the RPA. *See* filing 17 at 3–4.

Next, the plaintiffs allege that on May 15, 2014, Top's Personnel executed a promissory note in favor of Applied Underwriters, Inc., in which it agreed to pay the amount it owed under the RPA as of that date. Filing 17 at 5. In the promissory note, Top's Personnel "acknowledge[s] its indebtedness

---

[1] The RPA is submitted as an exhibit in support of the defendant's motion to dismiss. *See* filing 14-1 at 51–72. The defendant notes that it was provided by the plaintiffs after the plaintiffs' counsel omitted it as an attachment to the complaint. Filing 14-1 at 1–2. The exhibit actually contains two versions of the RPA, which are seemingly identical except for being signed by different representatives. *Compare* filing 14-1 at 56 *with* filing 14-1 at 67.

(including workers' compensation premiums) to Applied Underwriters, Inc. and its affiliates and subsidiaries" and "promises to pay . . . the principal sum of One Hundred Nineteen Thousand Six Hundred Forty-Five and 13/100 Dollars ($119,645.13) together with interest." Filing 1-1 at 7.

Count I of the plaintiffs' complaint seeks reimbursement of the money they allege the defendant owes Applied Underwriters, Inc., under the promissory note, plus interest. Filing 1-1 at 2. Count II of the plaintiffs' complaint seeks reimbursement of additional amounts allegedly due Applied Risk Services under the RPA which were not included in the promissory note. *See,* filing 17 at 3; filing 1-1 at 2.

## ANALYSIS

The defendant argues that the Court has no subject-matter jurisdiction over this dispute because the RPA contains a provision requiring the plaintiffs to submit their dispute to arbitration rather than filing suit. Filing 11 at 2. But before the Court can reach this question, it must address another issue the defendant has raised in its sur-sur-reply: whether the plaintiffs have standing to bring the claim alleged in Count II. Filing 18 at 4. And even if the defendant had not raised this issue, the Court would be obliged to consider it *sua sponte*. See *Jones v. United States*, 255 F.3d 507, 511 (8th Cir. 2001).

Federal courts have subject-matter jurisdiction only over cases in which the plaintiff "satisf[ies] the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). This requires the plaintiff to "show that he has sustained or is immediately in danger of sustaining some direct injury." *Id.* Additionally, even if a plaintiff demonstrates it has sustained some direct injury as a result of the defendant's conduct, federal courts "must hesitate before resolving a controversy . . . on the basis of the rights of third persons not parties to the litigation." *Singleton v. Wulff,* 428 U.S. 106, 113 (1976). In other words, as a general rule, a plaintiff may assert only its own rights, and not the rights of persons or entities not made party to the lawsuit. *See id.*

The defendant contends that Count II of the complaint should be dismissed because Applied Risk Services is not the proper party to bring the action. Filing 18 at 5. As previously discussed, Count II alleges that the defendant owes the plaintiff Applied Risk Services $229,934.83, plus interest. Filing 1-1 at 2. The parties' briefing clarifies that the basis of this allegation is the defendant's obligation under the RPA, to which Applied Risk Services is not a party. *See* filing 17 at 3. According to the defendant, Applied Risk Services has "not pled any facts that would indicate that the rights pursuant

to the [RPA] have been assigned to them, or that would otherwise indicate that they are the proper[] parties to bring this action." Filing 18 at 5.

And indeed, the complaint and briefs are vague as to the identity of the various parties, and their relationships to one another, the RPA, and the promissory note. The parties to the RPA are the defendant and "Applied Underwriters Captive Risk Assurance Company, Inc." Filing 14-1 at 51; filing 17 at 3. The RPA designated Applied Risk Services as a billing agent. Filing 14-1 at 52; filing 17 at 3. It is, therefore, unclear to the Court why Applied Risk Services should be the proper party to enforce the terms of the RPA against the defendant. Then, the promissory note, which the parties agree is an acknowledgment of money owed under the RPA, filing 17 at 5 & filing 18 at 3, was executed by the defendant in favor of Applied Underwriters, Inc., filing 1-1 at 7. The Court cannot tell how Applied Underwriters relates to the other Applied companies, or why the defendant executed a promissory note to Applied Underwriters, Inc. for money owing on its contract with Applied Underwriters Captive Risk Assurance Company, Inc.

Thus, the Court is unable to determine whether the plaintiffs in this case have standing to bring the claim alleged in Count II of the complaint. The Court shall order the parties to show cause as to why that claim should not be dismissed for lack of subject-matter jurisdiction.

IT IS ORDERED:

1. The plaintiffs are ordered to show cause on or before February 5, 2016 why the Court should not dismiss Count II, without prejudice, for lack of standing.

2. The defendant may (but is not required to) file a brief addressing the matter of standing on or before February 11, 2016.

Dated this 22nd day of January, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge