IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC. & APPLIED RISK SERVICES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> TOP'S PERSONNEL, INC., <br><br> Defendant. | 8:15-CV-90 <br><br><br> MEMORANDUM AND ORDER |

  This matter is before the Court on the defendant's motion to dismiss (filing 10), and on its own motion, on the question whether Applied Risk Services, Inc. is the real party in interest with respect to the claim asserted in Count II of the complaint.

BACKGROUND

  The plaintiffs—Applied Underwriters, Inc. and Applied Risk Services, Inc. (Applied Risk)—are both Nebraska corporations. Filing 1-1 at 4. The defendant Top's Personnel is a New Jersey corporation. Filing 1-1 at 4. According to the plaintiffs, an entity called "Applied Underwriters Captive Risk Assurance Company, Inc." (AUCRA) and Top's Personnel entered into a Reinsurance Participation Agreement (RPA).[1] Filing 17 at 3. Applied Risk was designated as the billing agent for both parties to the agreement. Filing 17 at 3. The RPA is dated December 14, 2011. Filing 17 at 3. The plaintiffs allege that Top's Personnel owes Applied Risk $229,934.83, plus interest, under the RPA. *See* filing 17 at 3.

  Next, the plaintiffs allege that on May 15, 2014, Top's Personnel executed a promissory note in favor of Applied Underwriters, Inc., in which it agreed to pay the amount it owed under the RPA as of that date. Filing 17 at 5. In the promissory note, Top's Personnel "acknowledge[s] its indebtedness

---

[1] The RPA is submitted as an exhibit in support of the defendant's motion to dismiss. *See* filing 14-1 at 51–72. The defendant notes that it was provided by the plaintiffs after the plaintiffs' counsel omitted it as an attachment to the complaint. Filing 14-1 at 1–2. The exhibit actually contains two versions of the RPA, which are seemingly identical except for being signed by different representatives. *Compare* filing 14-1 at 56 *with* filing 14-1 at 67.

(including workers' compensation premiums) to Applied Underwriters, Inc. and its affiliates and subsidiaries" and "promises to pay . . . the principal sum of One Hundred Nineteen Thousand Six Hundred Forty-five and 13/100 Dollars ($119,645.13) together with interest." Filing 1-1 at 7.

Count I of the plaintiffs' complaint seeks reimbursement of the money they allege the defendant owes Applied Underwriters, Inc., under the promissory note, plus interest. Filing 1-1 at 2. Count II of the plaintiffs' complaint seeks reimbursement of additional amounts allegedly due Applied Risk under the RPA which were not included in the promissory note. *See,* filing 17 at 3; filing 1-1 at 2.

## ANALYSIS

The defendant contends that Count II of the complaint should be dismissed because Applied Risk is not the proper party to bring the action. Filing 18 at 4–5. Count II alleges that the defendant owes Applied Risk $229,934.83. Filing 1-1 at 2. The parties' briefing clarifies that the basis of this allegation is the defendant's obligation under the RPA. *See* filing 17 at 3. The parties to the RPA are the defendant and AUCRA. Filing 18 at 2. According to the defendant, Applied Risk has "not pled any facts that would indicate that the rights pursuant to the [RPA] have been assigned to them, or that would otherwise indicate that they are the proper[] parties to bring this action." Filing 18 at 5 (quoting filing 14-1 at 52). Because the defendant raised this issue for the first time in its sur-sur-reply, the Court entered an order to show cause asking the plaintiffs to brief the issue. Filing 19.

Under Fed. R. Civ. P. 17, "[a]n action must be prosecuted in the name of the real party in interest." The purpose of this rule is "to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17 advisory committee note (1966). Thus, the real party in interest is the party that "actually possess[es], under the substantive law, the right sought to be enforced." *Curtis Lumber Co. v. Louisiana Pac. Corp.,* 618 F.3d 762, 771 (8th Cir. 2010) (quoting *United HealthCare Corp. v. Am. Trade Ins. Co., Ltd.,* 88 F.3d 563, 569 (8th Cir. 1996)).

In their brief, the plaintiffs cite to a paragraph of the RPA which provides that "Applied Risk Services, Inc. . . . has been appointed the billing agent for [AUCRA] and the Issuing Insurers and is authorized by [AUCRA], Issuing Insurers and [Top's Personnel] to account for offset and true up any and all amounts due each of the parties." Filing 20 at 2–3 (quoting). The plaintiffs contend that this establishes an agency relationship between

AUCRA and Applied Risk, making Applied Risk a real party in interest. Filing 20 at 2–3.

But even assuming that Applied Risk is correct in its interpretation of the RPA,[2] this would be insufficient to establish Applied Risk as a real party in interest. An agent may be authorized to act on behalf of its principal with respect to a particular subject matter, but that authorization does not give the agent any right or interest in the subject matter. Thus, for example, an agent which negotiates a contract on behalf of a disclosed principal is neither liable for the principal's breach of contract, nor able to enforce on its own behalf the obligations of the parties to the contract. Restatement (Third) Of Agency § 6.01 (2006). And Applied Risk has not pled facts establishing that it has any right to the money Top's Personnel allegedly owes under the contract.

The plaintiffs point out that in *Deutsche Bank Nat. Trust Co. v. Siegel*, the Supreme Court of Nebraska held that an agent may sue to enforce the rights of its principal on the principal's behalf. 777 N.W.2d 259, 263 (Neb. 2010). Filing 20 at 3. But in that case, although Deutsch Bank's agent was entitled to enforce Deutsch Bank's rights, it did so in Deutsch Bank's name, and not its own. *Deutsche Bank*, 777 N.W.2d at 263. This is in accordance with the well-accepted principle that an entity which is an agent for the purpose of bringing suit "is viewed as a nominal rather than a real party in interest and will be required to litigate in the name of the principal rather than in the agent's own name." 6A Charles Alan Wright, et al., Federal Practice and Procedure § 1553 (3d ed.). Thus, pursuant to Fed. R. Civ. P. 17(a)(3), the real party in interest must ratify, join, or be substituted into this action.

IT IS ORDERED:

1. As to Count II, on or before March 7, 2016, either Applied Risk Services, Inc. shall demonstrate why it is the real party in interest, or the real party in interest shall ratify, join, or be substituted into this action.

2. If the plaintiffs fail to remedy this deficiency by March 7, 2016, the Court will dismiss Count II of the complaint without further notice.

---

[2] The Court notes that there is some question as to whether bringing suit to enforce AUCRA's claims under the contract even falls within the scope of the authority granted to Applied Risk by the cited provision of the RPA.

3

Dated this 17th day of February, 2016.

BY THE COURT:

_____
John M. Gerrard
United States District Judge