IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

APPLIED UNDERWRITERS, INC., a
Nebraska Corporation;

                Plaintiff,

      vs.

TOP'S PERSONNEL, INC., A New Jersey
Corporation;

                Defendant.

**8:15CV90**

**ORDER**

This matter is before the court on Defendant Top's Personnel Inc.'s ("Top's Personnel") Motion to Extend or in the alternative, Motion to Amend. (Filing No. 49). For the following reasons, Defendant's motion to amend is granted.

BACKGROUND

On March 3, 2016, Plaintiff Applied Underwriters, Inc. ("Applied Underwriters") filed an amended complaint against Top's Personnel alleging that Top's Personnel failed to make the required payments on a promissory note ("the Note") entered into by the parties. (Filing No. 23). Specifically, the complaint alleges

    5.    Top's Personnel has failed to make the required payments under the Note and Applied has made written demand on Top's Personnel for payment of the outstanding principal and interest due.

    6.    Top's Personnel has have [sic] failed, refused, and neglected to pay the Note, and there is currently due after all credits $126,488.45 plus accruing per diem interest.

([Filing No. 23 ¶¶ 5 & 6 at CM/ECF p. 2](#)). Top's Personnel filed its answer on June 30, 2016 and expressly denied each of these allegations. ([Filing No. 36 ¶¶ 5 & 6 at CM/ECF p. 1](#)).

On September 26, 2016, Applied Underwriters served its Requests for Admissions requesting Top's Personnel admit the following:

1. Admit that Defendant has failed to make the required payments under the May 15, 2014 Promissory Note

2. Admit that Plaintiff has made written demand on Defendant for payment of the outstanding principal and interest due under the May 15, 2014 Promissory Note.

3. Admit that Defendant owes Plaintiff $126,488.45 under the May 15, 2014 Promissory Note along with accruing interest.

([Filing No. 52-1 at CM/ECF p. 4](#)). On November 30, 2016 Top's Personnel served its responses denying each of Applied Underwriters' requests for admission. ([Filing No. 52-1 at CM/ECF p. 9](#)). Thereafter on December 9, 2016 Plaintiff's counsel sent a letter to Top's Personnel stating that pursuant to the Federal Rules of Civil Procedure the requests for admission were deemed admitted as Top's Personnel failed to provide a timely response. ([Filing No. 52-1 at CM/ECF p. 11](#)).

The undersigned conducted a telephonic conference with counsel discussing ongoing discovery disputes on December 22, 2016. The undersigned instructed Top's Personnel to file a motion regarding the instant dispute by January 17, 2017. The undersigned also instructed the parties to file any motions to compel by the same deadline.

On December 29, 2016, the defendant sent a meet-and-confer letter to Plaintiff's counsel. ([Filing No. 52-1 at CM/ECF p. 16](#)). Plaintiff responded by letter on January 6, 2017, indicating that it would not stipulate to deeming Defendant's responses valid until

it received Defendant's response to Plaintiff's own meet-and-confer letter (Filing No. 52-1 at CM/ECF p. 21). Defendant's served its response to Plaintiff's meet-and-confer letter on January 9, 2017.

Top's Personnel now moves for an order of this court either granting an extension of its time to serve responses to November 3, 2016, thus making Defendant's responses timely, or an order allowing Defendant to amend the responses deemed admitted.

ANALYSIS

Federal Rule of Civil Procedure 36 governs Request for Admission and holds "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Nevertheless, the court has substantial discretion over a party's response to requests for admission. The court may allow a longer time for response through an extension so that responses will not be deemed admitted (Fed. R. Civ. P. 36(a)(3); see also Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir. 1983)), or permit a party whose responses are deemed admitted to withdraw or amend the admissions under Rule 36(b). FDIC v. Prusia, 18 F.3d 637 (8th Cir. 1994).

Rule 36(b) provides: "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36. The two-prong test required under Rule 36 "directs the court to consider the effect upon the litigation and prejudice to the resisting party, rather than focusing on the moving party's excuses for an erroneous admission." Prusia, 18 F.3d at 640 (internal quotation and citation omitted). The prejudice contemplated by Rule 36(b)

3

"relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." Gutting, 710 F.2d at 1312. Applied Underwriters has the burden of proving that an amendment would cause prejudice. Prusia, 18 F.3d at 640.

Plaintiff's requests for admission 1, 2, & 3 are a near repetition of paragraphs 5 & 6 in Plaintiff's complaint which go to the heart of Plaintiff's breach of contract claim. Accordingly, permitting an amendment will promote the presentation of merits of this action.

Regarding the second prong, Plaintiff claims it has been prejudiced because Defendant's untimely submission prevented the Plaintiff from being able to timely complete its discovery through the filing of a motion to compel. Specifically, Plaintiff directs the court to the deadlines in this the court's final progression order and argues that the approaching Summary Judgment deadline of January 31, 2017 and the timing of the instant motion prevented Defendant from being able to file a motion to compel. Plaintiff does not make any additional showing of prejudice.

Top's Personnel's request to withdraw and amend its responses was first addressed during the conference call on December 22, 2016, nearly a month before the court's deadline to file a motion to compel. And this matter was again referenced in Top's Personnel's meet-and-confer letter dated December 29, 2016. Although Plaintiff should have anticipated the instant motion and the affects if granted,[1] Plaintiff's counsel did not address its concerns during the December 22nd conference (or at any other time), nor did Plaintiff file its own motion to compel by January 17th. Accordingly, the court

---

[1] The court notes that during the December 22, 2016 conference, the undersigned advised the parties that while she could not predict the outcome of Defendant's motion to amend its responses, under Eighth Circuit law such motions are routinely granted.

5

finds that allowing an amendment to Plaintiff's requests for admission will not result in prejudice due to a "sudden need to obtain evidence." See Gutting, 710 F.2d at 1312.

IT IS ORDERED:

1)   Top's Personnel's Motion to Amend its responses to Plaintiff's Requests for Admission (Filing No. 49) is granted. Top's Personnel shall serve its amended responses to Applied Underwriters on or before April 10, 2017.

2)   On the court's own motion, the pretrial and trial of this case are continued. Counsel shall contact the undersigned's chambers within ten days after the court's ruling on Plaintiff's pending Motion for Summary Judgment (Filing No. 57).

Dated this 5th day of April, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

5