## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., <br> A Nebraska Corporation <br><br> Plaintiffs <br><br> vs. <br><br> TOP'S PERSONNEL, INC., <br> A New Jersey Corporation <br><br> Defendant | CIVIL ACTION NO: 8:15-CV-00090 <br><br> **BRIEF IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS PURSUANT TO RULE 37 AND TO COMPEL SUPPLEMENTAL INITIAL DISCLOSURES AND THE DEPOSITION OF JEFFREY SILVER, ESQ.** |

Defendant Top's Personnel, Inc. ("Tops" or "Defendant") has served comprehensive discovery requests in this matter seeking a wide variety of documents and information that is relevant to this litigation. This Court has agreed that Defendant's discovery requests are appropriate and must be answered by Plaintiff. Yet, even after this Court entered its Order compelling Plaintiff Applied Underwriters, Inc.'s ("Applied") responses to Defendant's written discovery requests, it still does not appear that Plaintiff takes its obligations seriously. Plaintiff has provided evasive responses to several of Defendant's Interrogatories and aside from two emails, has failed to produce a single piece of correspondence regarding either the operative Promissory Note or the Reinsurance Participation Agreement that Plaintiff now admits is related to the Promissory Note.

Defendant respectfully requests that this Court enter an order compelling Plaintiff to provide full and complete responses to Defendant's discovery requests and ordering Plaintiff to pay Defendant's expenses, including attorneys' fees, incurred as a result of Plaintiff's failure to comply with this Court's previous Order. Additionally, Defendant respectfully requests that the Court admonish Plaintiff that any further failure to comply with the Court's orders will result in

the dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure Rule 37(b)(2).

Plaintiff has also failed to comply with its obligation to supplement its initial disclosures. Plaintiff has identified multiple individuals in its discovery responses, but Plaintiff has not amended its disclosures to set forth the scope of knowledge that each of those individuals possesses. Defendant respectfully requests that the Court enter an order compelling Plaintiff to do so.

Additionally, the little evidence that Plaintiff has produced indicates that Jeffrey A. Silver, Esquire, counsel for Plaintiff personally negotiated the Promissory Note on Plaintiff's behalf, and that no other individuals were involved on the Plaintiff's side. Indeed, despite being given multiple opportunities to identify additional individuals that could be deposed in his stead, Plaintiff has refused to identify anyone else, leading to the obvious conclusion that Mr. Silver alone negotiated that Agreement. As such, Mr. Silver is a necessary witness on a relevant and material issue in this matter, yet he still has refused to appear for a deposition. Defendant respectfully requests the Court to compel Mr. Silver's appearance in order to avoid unduly prejudicing Defendant.

## I. FACTS AND PROCEDURAL HISTORY

For the sake of brevity, Defendant will not recount the belabored history of this litigation and will instead refer the Court to Defendant's second Motion to Dismiss, filed on April 5, 2016, and Defendant's first Motion to Compel, filed on January 17, 2017. See Motion to Dismiss, Docket No. 28 and Motion to Compel, Docket No. 46. Defendant supplements the record as follows:

The Court granted in part and denied in part Defendant's first Motion to Compel on March 31, 2017.  See Order, Docket No. 77.  While the Court denied Defendant's Motion as to the request to depose Mr. Silver, the Court granted the Motion as to all written discovery requests addressed therein.  Plaintiff did not provide supplemental responses or a supplemental production of documents until April 28, 2017, nearly one month after entry of the Order.  See Peskin Declaration at Exhibits A and B.

Upon review of Plaintiff's supplemental responses and production, Defendant realized that Plaintiff's responses were once again wholly insufficient and, after raising the issue with the Court during the May 12, 2017 telephonic case management conference, sent a meet-and-confer letter to Plaintiff's counsel on May 19, 2017.  See Peskin Declaration at Exhibit C.  Additionally, for reasons addressed *infra*, based on new evidence produced by Plaintiff, Defendant once again also sought agreement with Plaintiff regarding the deposition of Mr. Silver.  Id.  Plaintiff responded to that letter on May 30, 2017.  See Peskin Declaration at Exhibit D.  Plaintiff refused to produce Mr. Silver for a deposition and also refused to provide additional information in response to several of Defendant's Interrogatories or to supplement its Initial Disclosures.  Id.  Plaintiff did produce approximately 240 additional pages of documents, but those documents related mostly to the Reinsurance Participation Agreement.   See Peskin Declaration at ¶ 6.  Plaintiff produced no additional correspondence regarding the Promissory Note.  Id. at ¶ 7.

## II. ARGUMENT

Rule 26(b)(1) of the Federal Rules of Civil Procedure states:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id.

Pursuant to Rule 37(a)(1), "a party may move for an order compelling disclosure or discovery." More specifically, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection … if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." F.R.C.P. 37(a)(3). Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Id. at (a)(4).

Additionally, pursuant to Rule 37(b)(2), in the event that a court enters an order to provide or permit discovery and the party to whom the order is directed refuses to obey, the court may issue further orders, including, but not limited to:

(i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

(v)  dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

4

caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis supplied).

### a. Defendant's Interrogatories

All of the Interrogatories discussed below are subject to the Court's March 31, 2017 Order. See Order, Docket No. 77.

**Interrogatory 3 -** This Interrogatory seeks information regarding the negotiations that led to the execution of the Promissory Note. See Peskin Declaration at Exhibit A. Defendant moved to compel a full and complete response to this Interrogatory on the grounds that Plaintiff's initial response was incomplete and evasive and the Court agreed. See Order, Docket No. 77. Defendant's supplemental response was:

a. The individuals involved in the negotiation that led to the execution of the Promissory Note [assuming the interrogatory was directed to the Promissory Note in questions and not the Reinsurance Participation Agreement] was Defendant's broker, Ted Juszczak who request a promissory note from Plaintiff.

b. The substance of the negotiation was that Defendant owed $119,645.13 and through its broker requested a payment plan to pay the amount owed.

c. The discussions occurred just prior to the execution of the Promissory Note which was sent to Top's broker for execution

See Peskin Declaration at Exhibit A. Although Plaintiff referred Defendant to "documents attached as Exhibit 1," Exhibit 1 to Plaintiff's supplemental responses to Interrogatories appears to concern the binding of the Reinsurance Participation Agreement three years prior. Id. at Exhibit A, Exhibit 1. Exhibit 1 to Plaintiff's supplemental responses to Defendant's Document Requests is the Promissory Note itself, but Exhibits 2 and 3 are two communications between Mr. Silver and Ted Juszczak, who was identified by Plaintiff as an employee of Defendant's insurance broker. See Peskin Declaration at Exhibit B, Exhibits 1-3. Those two communications, one of which appears to be a fragment of a larger email chain, directly concern

the negotiation of the Promissory Note. Yet, despite the fact that Mr. Silver clearly participated in the negotiation of the Promissory Note on Plaintiff's behalf, he is not identified as the individual who negotiated that agreement. In fact, Plaintiff has not identified any individual that negotiated that agreement on its behalf.

Defendant requested in its meet-and-confer letter that Plaintiff identify the individual(s) that negotiated the Promissory note on its behalf. See Peskin Declaration at Exhibit C. Defendant also requested that Plaintiff produce all documentation concerning the negotiation of the Promissory Note. Id. In response, Plaintiff refused to identify any such individuals, stating that "[t]he e-mails make it clear who participated in the negotiations" and that it had already produced all responsive information. See Peskin Declaration at Exhibit D.

Plaintiff's supplemental answer is evasive, and based on the documents produced, purposefully so. From the two emails that Plaintiff have produced, it appears that Mr. Silver personally negotiated the Promissory Note on behalf of Plaintiff and as set forth below, his personal involvement in the negotiation of the document that forms the basis of Plaintiff's claims would render him a fact witness in this matter. Being aware of this fact, Plaintiff's solution is simple – identify no one. Moreover, a reference to "the emails" without further detail is evasive. This Court should enter an order compelling Plaintiff to identify all individuals that participated in the negotiation of the Promissory Note.

With regard to the request for documentation, once again Plaintiff has produced little documentation regarding the negotiation of the Promissory Note. While it has produced two emails, one of those is clearly a fragment of a larger chain that has not been produced. See Peskin Declaration at Exhibit B, Exhibit 3. As such, the evidence is clear that additional responsive materials exist. Given that fact, the Court should not take Plaintiff at its word that all

6

responsive materials have been produced.  Rather, Defendant respectfully requests that this Court compel Plaintiff to, once and for all, produce all responsive materials, and if Plaintiff is unable to find additional responsive materials, to set forth in detail the efforts made to find additional responsive materials, including but not limited to, custodians searched, time frames searched, keywords used, etc.

Additionally, since this Court has already ordered Plaintiff to provide a full and complete response to this Interrogatory, Defendant requests that the Court find that Plaintiff has failed to obey a court order without substantial justification and that Plaintiff is subject to sanctions. Given the evidence discussed above, Defendant respectfully requests that this Court find as a matter of law that Mr. Silver negotiated the Promissory Note on behalf of Plaintiff.  As discussed below, this finding would require Mr. Silver to submit to a deposition as an essential witness in this matter.   Defendant also respectfully requests that this Court order Plaintiff to pay Defendant's reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to provide a full and complete response to this Interrogatory as required pursuant to the Court's March 31, 2017 Order.

**Interrogatories 5, 6, and 7** – These Interrogatories seek information regarding the reasoning behind having two separate entities as parties to the Reinsurance Participation Agreement and Promissory Note, respectively. See Peskin Declaration at Exhibit A.  Defendant moved to compel full and complete responses to these Interrogatories on the grounds that Plaintiff's initial responses were incomplete, evasive, and improperly claimed attorney-client privilege and/or work product and the Court agreed. See Order, Docket No. 77.

In its supplemental response to Interrogatory 5, which sought the reason why Applied Risk was the party to the Reinsurance Agreement, Plaintiff stated that "Applied Underwriters

7

Captive Risk Assurance Company, Inc. is a party of the Reinsurance Participation Agreement along with Defendant and its related entities." See Peskin Declaration at Exhibit A.

In its supplemental response to Interrogatory 6, which sought the reason why Applied Underwriters was the party to the Promissory Note, Plaintiff stated that "Applied Underwriters, Inc. was the party to the Promissory Note to avoid having to have multiple promissory notes to Tops to different entities to which it owed money." Id.

In its supplemental response to Interrogatory 7, which sought the reason why the parties to the Reinsurance Participation Agreement and Promissory Note were different, Plaintiff referred Defendant to its response to Interrogatory 6. Id.

Because the response to Interrogatory 6 was difficult to understand, Defendant sought clarification in its meet-and-confer letter. See Peskin Declaration at Exhibit C. Plaintiff's counsel responded in a very condescending manner accusing Defendant's counsel of not having read the answer and then repeating it. See Peskin Declaration at Exhibit D. It then went on to state:

> There is only one Note identified in this lawsuit. You have a copy of it because it was previously produced and is attached to the Complaint. You also produced a copy of the Note in your production. Once again to be clear *because you appear confused*, there is only one Note in this litigation and it is the one referred to above that Defendant refused and neglected to pay.

Id.

Putting aside the disrespectful manner in which Plaintiff's counsel responded to Defendant's request for further information, Defendant's response to the meet-and-confer letter only further complicated matters. The thrust of these Interrogatories is relatively simple – why were the parties to the two agreements different? This Court has already agreed with Defendant that such an inquiry is permissible in this matter and has compelled Plaintiff to provide a full and

complete response to these Interrogatories.  Yet, Plaintiff continues to be evasive, not to mention nonsensical.

The parties agree that only one Note is the subject of this suit, yet Plaintiff's supplemental response raises more questions than it answered.  For instance, Plaintiff mentioned that it was the party to the Promissory Note in order to "avoid having to have multiple promissory notes to Tops to different entities to which it owed money."  See Peskin Declaration at Exhibit A.  The obvious logical conclusion to be drawn from this statement is that Tops has executed other promissory notes.  Additionally, Plaintiff also references "different entities" to which Top's "owed money."  Again, the obvious logical conclusion to be drawn here is that Plaintiff is a party to the aforementioned additional promissory notes.  Yet, when pressed on this issue, Plaintiff falls back on the refrain that only one Note is the subject of this litigation.  That may be so but Plaintiff opened the door to discovery with regard to the other promissory notes referenced in its response, and even if it had not done so, such information would be discoverable because it is clearly relevant to the question of why different parties executed the respective agreements.

Beyond the fact that additional discoverable information clearly exists that has not been provided, the fact remains that Plaintiff has not provided an answer to Defendant's Interrogatories that makes any sense whatsoever.  In fact, rather than clarify the issue, it only confuses it further.  Accordingly, this Court should compel Plaintiff to provide further clarification of its response.  Additionally, since these Interrogatories were already subject to the Court's March 31, 2017 Order, Defendant respectfully requests the Court to order Plaintiff to pay Defendant's reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to provide a full and complete response to these Interrogatories.  See Fed. R. Civ. P. 37(b)(2)(C);

see also Wagner v. Dryvit Sys., Inc., 208 F.R.D. 606, 613 (D. Neb. 2001) ("Under Rule 37(a), the plaintiffs are entitled to an award for the expenses and attorneys fees incurred in bringing this motion").

### b. Defendant's Document Production

Plaintiff appears to believe that quantity is an appropriate substitute for quality. That is its sole excuse for failing to provide additional documents responsive to Defendant's Document Requests. Plaintiff's supplemental production after the Court's March 31, 2017 Order consisted of two emails between Mr. Silver and Mr. Juszczak and certain documents "returned by Top's broker, Helena M. Coles of Global Underwriting Agency." Other than those two emails, Plaintiff produced no additional emails regarding either the Reinsurance Agreement or the Promissory Note, and stated that no additional responsive documents exist.

In its meet-and-confer letter, Defendant noted that Plaintiff had identified four potential custodians, but had produced no correspondence either to or from those individuals. See Peskin Declaration at Exhibit C. Defendant also requested that Plaintiff either produce all documentation responsive to Defendant's requests, or "[i]f no responsive documents exist please set forth in detail the effort undertaken to search for responsive documents." Id. Defendant also requested that if Plaintiff believed "that responsive documents did exist at some point but were subsequently deleted, destroyed, or otherwise disposed of," to "set forth in detail the date, time, place, and manner of destruction/disposition."

Plaintiff responded by demanding credit for the "over 1,450 pages of documents" produced. See Peskin Declaration at Exhibit D. It also produced an additional 243 pages of documents, although those documents mostly concern an incident reported in connection with the Reinsurance Participation Agreement. See Peskin Declaration at ¶ 7. Plaintiff did not

10

produce any additional correspondence, nor did it produce any additional documents that relate in any way to the Promissory Note.  Id. at ¶ 8.  Plaintiff also made no effort to address Defendant's request to set forth in detail its efforts to obtain additional information, or to provide information regarding materials that may have been destroyed.    See Peskin Declaration at Exhibit D.

Plaintiff would have this Court excuse its nearly complete failure to produce any correspondence whatsoever other than the demand letter that was produced in its first production, and the two emails (one of which is a fragment) that were produced in its supplemental production because it has produced hundreds of pages of documentation that it believes is irrelevant (a contention with which Defendant agrees[1]).  Quantity is no substitute for quality. The fact remains that despite the fact that Plaintiff has identified four potential custodians - Robert Fisher, Rose Barrett, Travis J. Koch, and Eric Butler - in addition to Mr. Silver, it has not produced a single piece of correspondence either to or from any of those individuals.

Plaintiff's position with regard to Defendant's Motion to Compel was not credible, and its position now is not credible either.  Once again, Plaintiff almost certainly sent and received e-mails regarding both the Promissory Note and Reinsurance Agreement.  Moreover, lest the Court think that Defendant is attempting to squeeze water from stone, as Defendant's meet-and-confer letter demonstrates, Defendant has acknowledged the possibility that no additional responsive documents exist and requested that Plaintiff provide information regarding its efforts to find additional responsive documents in the event that none could be found.  The Court has also acknowledged this possibility in its March 31, 2017 Order wherein it stated that "[i]f no such correspondence is uncovered after a thorough an diligent search, Plaintiff shall provide

---

[1] Defendant respectfully submits that the vast majority of Plaintiff's production is not even responsive to Defendant's Document Requests.

11

Defendant a statement signed under oath to that effect." See Order, Docket No. 77. Plaintiff has not provided such a statement nor has it in any way provided information regarding its efforts to uncover additional responsive documents despite being compelled to do so by the Court's Order.

Plaintiff has been given every opportunity to either produce information responsive to Defendant's Document Requests or to explain in detail the efforts that it has undertaken to find such documents. It has done neither. Accordingly, this Court should enter an order compelling Defendant to comply with the March 31, 2017 Order. Defendant also respectfully requests the Court to admonish Plaintiff that if it fails to comply with that Order, that this matter shall be dismissed with prejudice. Additionally, this Court must order Plaintiff to pay Defendant's reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to provide a full and complete response to its Document Requests.

### c. Initial Disclosures

In its Initial Disclosures, Plaintiff identified Eric Butler and T.J. Koch[2] as Applied employees likely to possess discoverable information. See Peskin Declaration at Exhibit E. In its supplemental responses to Interrogatories, Plaintiff also identified Rose Barrett and Robert Fisher as additional Applied employees. See Peskin Declaration at Exhibit A. Since Ms. Barrett assisted in providing responses to these Interrogatories and Mr. Fisher was identified as an individual that has knowledge regarding the Reinsurance Agreement, both of those individuals are likely to possess discoverable information. Accordingly, in its meet-and-confer letter, Defendant requested that Plaintiff amend its Initial Disclosures to provide all pertinent information regarding those individuals. See Peskin Declaration at Exhibit C. Plaintiff demurred stating that "they were accurate at the time based on the Note" and that "[t]he

---

[2] Defendant assumes that T.J. Koch is the Travis J. Koch subsequently identified in Plaintiff's supplemental responses to Interrogatories.

additional individuals were added only after the court sustained your Motion to Compel." See Peskin Declaration at Exhibit D.

Plaintiff is either unaware of, or has intentionally disregarded, the fact that Rule 26(e) requires a party to "supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." See also, Farmers Co-op. Co. v. Bartlett Grain Co., L.P., No. 4:09CV3252, 2011 WL 612060, at *6 (D. Neb. Feb. 10, 2011) ("the federal rules provide a mechanism whereby a party is required to supplement its disclosures as the case progresses") (Zwart, J.)).   Furthermore, this is not merely an academic issue.   Without the additional information required pursuant to Rule 26(a), Defendant is at a complete loss as to the scope of knowledge possessed by Mr. Fisher and Ms. Barrett.   Accordingly, Defendant respectfully requests that the Court compel Plaintiff to supplement its Initial Disclosures.

### d. Deposition of Jeffrey Silver, Esq.

In its March 31, 2017 Order, this Court denied Defendant's Motion to Compel as it pertained to the deposition of Jeffrey A. Silver, Esq.  The basis for the denial was that "Top's Personnel has not shown why [Rose] Barrett's testimony would be insufficient or would fail to provide the information being sought." See Order, Docket No. 77.  The Court left open the possibility that Defendant may still need to depose Mr. Silver if it determines that he possesses certain information that was not possessed by Rose Barrett, the other individual who provided information in response to Defendant's Interrogatories.  Id.  While Defendant has not yet deposed Ms. Barrett, based on Plaintiff's supplemental document production, it has become readily apparent that Mr. Silver is an essential witness in this matter and must be deposed.

13

"A party seeking to call opposing counsel can prove that counsel is a necessary witness by showing that (1) the proposed testimony is material and relevant to the determination of the issues being litigated and (2) the evidence is unobtainable elsewhere." Beller v. Crow, 274 Neb. 603, 609, 742 N.W.2d 230, 235 (2007); see also Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986) (party seeking to take deposition of opposing counsel must show "(1) no other means exist to obtain the information than to depose opposing counsel, … (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case"). Those criteria have been met here.

First, there is little question that the negotiation of the Promissory Note that serves as the sole basis for Plaintiff's claim is relevant and material. Indeed, such information is crucial to the preparation of the case, especially in light of the fact that an arbitration agreement exists in a related agreement (see Peskin Declaration at Exhibit A, Interrogatory 4) that may ultimately serve to deprive this Court of subject-matter jurisdiction.

Second, based on the materials produced by Plaintiff to date, it appears that Mr. Silver negotiated the Promissory Note on Plaintiff's behalf and that no other individuals were involved in such negotiations. This is corroborated by Mr. Silver's response to Defendant's meet-and-confer letter. Rather than identify individuals employed by Plaintiff other than himself that can testify regarding the negotiation of the Promissory Note, Mr. Silver first refuses to identify any individuals for Plaintiff whatsoever, and then notes that Defendant can depose Mr. Juszczak, who Plaintiff had identified as negotiating the Promissory Note on *Defendant's* behalf. See Peskin Declaration at Exhibit D.

Mr. Silver's response to Defendant's renewed request to depose him is troubling in two respects. First, as noted above, Plaintiff has willfully failed to comply with its discovery

14

obligations by refusing to identify the individuals that negotiated the Promissory Note on its behalf. Rather than provide a response to Interrogatory 3, Mr. Silver has directed Defendant to "the e-mails." See Peskin Declaration at Exhibit D. Of course, the only relevant emails in Plaintiff's production appear to be correspondence between himself and Mr. Juszczak. See Peskin Declaration at Exhibit B, Exhibits 2-3. As indicated above, it does not appear that this omission was inadvertent. Plaintiff could have easily identified one or more additional individuals that participated in the negotiation, either in response to Interrogatory 3, or in response to Defendant's renewed request to take his deposition. His failure to do so leads to the logical conclusion that he alone negotiated the Promissory Note on Plaintiff's behalf, and that he is well-aware of the consequences of that fact, hence his refusal to explicitly admit his exclusive involvement in the negotiation of that agreement.

Second, Mr. Silver's claim that Mr. Juszczak is a perfectly adequate substitute for his own testimony is borderline absurd. By Mr. Silver's logic, no deposition of an adversary in a breach of contract case would ever be warranted because the party seeking to take the deposition should already be in possession of all information. That argument is patently untrue and defies common sense. An adversary in a breach of contract action undoubtedly is in possession of information that the other party does not possess. For example, in this case, Plaintiff is the only party that can explain why it executed the Promissory Note rather than AUCRA, who executed the Reinsurance Participation Agreement. Defendant has no knowledge of this relevant and material issue whatsoever. And even if Plaintiff had provided a full and complete response to the Interrogatories seeking the answer to that question, Defendant is still entitled to ask follow-up questions during the deposition of the person who negotiated the Promissory Note. Mr. Juszczak cannot serve as a substitute for deposing the individual(s) that negotiated the

15

Promissory Note on behalf of Plaintiff. Defendant is entitled to depose those individuals and if Mr. Silver was in fact the only individual that negotiated that agreement on behalf of Plaintiff, his involvement renders him a necessary witness in this matter.

Furthermore, Mr. Silver has misinterpreted this Court's Order. In his response to Defendant's meet-and-confer letter Mr. Silver argued that his "reading of Judge Zwart's Order on the Motion to Compel is she would consider me being deposed only if you could not get the information from another source." See Peskin Declaration at Exhibit D. However, this Court did not make such a blanket statement. Rather, it confined its analysis to whether or not Rose Barret could provide the information required instead of Mr. Silver. See Order, Docket No. 77. In other words, the Court's analysis always revolved around whether the information sought could be obtained from Plaintiff through testimony other than Mr. Silver's. As Defendant's document production and subsequent conduct demonstrate, there is no other available source of information relating to Plaintiff's intent in connection with the Promissory Note.

Plaintiff has been given every opportunity to identify an individual other than Mr. Silver that possesses knowledge regarding the negotiation of the Promissory Note. Its failure to do so must be taken as a tacit admission that no other individuals, including the other individuals identified by Plaintiff in connection with other issues, possess any such knowledge. As the Promissory Note forms the very basis of this litigation, Mr. Silver is thus a necessary witness and this Court must compel his deposition in this matter. To rule otherwise would unduly prejudice Defendant.

**III. CONCLUSION**

For the foregoing reasons, Defendant Top's Personnel, Inc. respectfully requests that this

Court grant its Motion for Discovery Sanctions Pursuant to Rule 37 and to Compel Supplemental

Initial Disclosures and the Deposition of Jeffrey Silver, Esq.

Dated this 28th day of June, 2017.

Respectfully submitted,

TOP'S PERSONNEL, INC., Defendant

By:   *s/ Meghan M. Blinn*

Meghan M. Blinn, #23230
KUTAK ROCK LLP
The Omaha Building
1650 Farnam Street
Omaha, NE  68102
(402) 346-6000
(402) 346-1148
Meghan.Blinn@kutakrock.com

Ralph P. Ferrara, of counsel
Aaron L. Peskin, of counsel
FERRARA LAW GROUP, P.C.
50 W. State St.
Suite 1100
Trenton, NJ 08608
Telephone:  (609) 571-3738
Fax:  (609) 571-7440
ralph@ferraralawgp.com
aaron@ferraralawgp.com

17

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following attorneys registered with the CM/ECF system:

Jeffrey A. Silver
jeffreysilver@silver-law.net

 *s/ Meghan M. Blinn*
Meghan M. Blinn

18

4815-9701-4603.1