IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska Corporation;<br><br>    Plaintiff,<br><br>vs.<br><br>TOP'S PERSONNEL, INC., A New Jersey Corporation;<br><br>    Defendant. | 8:15CV90<br><br>MEMORANDUM AND ORDER |

This matter is currently before the court on Plaintiff Applied Underwriter's, Inc.'s motion to compel. (Filing No. 197).

On January 16, 2018, Defendant Top's Personnel, Inc. ("Top's") filed a motion for leave to 1) amend its answer to assert class action counterclaims; and 2) reopen discovery limited to class certification. (Filing No. 116). Applied Underwriter's ("Applied") opposed the motion. (Filing No. 121). A hearing was held on January 26, 2018, and the court granted Top's' motion to amend and gave Top's leave to file an amended answer asserting the class claims. (Filing Nos. 124 & 127). In its ruling on the motion to amend, the court reopened discovery specifically related to the class certification, to commence when Top's' amended answer was filed of record. (Filing No. 127).

After class certification discovery commenced, Applied served a Rule 30(b)(6) Notice of Deposition on Top's and subpoenaed documents and testimony from Top's' worker's compensation broker, Global Indemnity Insurance Agency, Inc. ("Global"). Top's and Global contested the relevancy of some of the deposition topics and document production requests. The court held a discovery dispute conference with the parties (Filing No. 192), after which the discovery issues remained unresolved.

Applied then filed the instant motion to compel, (Filing No. 197), and the court stayed Applied's response to the class certification motion pending resolution of these discovery issues, (Filing No. 196). For the following reasons, the motion will be granted in part and denied in part, as follows.

ANALYSIS

Applied's motion to compel requests the following relief:

Defendant/Counterclaim Plaintiff Top's Personnel, Inc. ("Top's") shall produce a witness to provide deposition testimony on all topics listed in the Notice of Rule 30(b)(6) Deposition of Top's dated March 21, 2018 (the "Notice"), including but not limited to topics Nos. 4-7 listed in the Notice that Top's has objected to as irrelevant and for which Top's refuses to produce a testifying witness;

Nonparty Global Indemnity Insurance Agency, Inc. "(Global," which is the workers' compensation insurance broker for Top's), shall produce a witness to provide deposition testimony on all topics listed in the Subpoena to testify at a deposition in a civil action and to produce documents, dated March 20, 2018, that was served on Global (the "Subpoena"), including but not limited to topics listed in the Subpoena as Nos. 3-4 that Global and Top's object to as irrelevant and for which Global refuses to produce a testifying witness; and

Global shall produce all documents sought by the Subpoena, including but not limited to the documents sought in Request Nos. 3-4 listed in the Subpoena that Global objects to producing and has not produced.

(Filing No. 197 at CM/ECF p. 1-2).

I.   30(b)(6) Deposition Notice Directed at Defendant Top's Personnel.

As indicated above, Top's has not produced a deponent in response to Applied's March 2018 Notice of Rule 30(b)(6) Deposition. Specifically, Top's contests the relevancy of four requested deposition topics:

> 4.   The Company's [Top's] history, process, procedure, and practice of considering and selecting workers' compensation insurance coverage before, during, and after participating in the Applied Program.
>
> 5. The Company's [Top's] workers' compensation insurance experience before, during, and after participating in the Applied Program.
>
> 6.  The Company's [Top's] management structure, ownership and control, business, and affiliates.
>
> 7. The Company's [Top's] affirmative defenses asserted in its amended answer in this Action.

([Filing No. 199 at CM/ECF p. 12](#)).

The Federal Rules of Civil Procedure allow for discovery of "any nonprivileged matter that is <u>relevant</u> to any party's claim or defense and <u>proportional</u> to the needs of the case." [Fed. R. Civ. P. 26(b)(1)](#) (emphasis added). Relevancy, for the purposes of discovery, includes "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." [Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)](#). The proportionality analysis then requires the court to weigh "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." [Fed. R. Civ. P. 26(b)(1)](#). The broad scope of [Fed. R. Civ. P. 26](#) generally allows discovery "unless it is clear the information sought can have no possible bearing on the case." [Ingram v. Covenant Care Midwest, Inc., 2010 WL 1994866, at *3 (D. Neb. 2010)](#).

Here, discovery has been reopened for the limited purpose of class certification and the underlying merits of Top's' class counterclaims. Thus, Rule 26's broad discovery mandate must be confined to the narrow purposes for which the court allowed additional discovery. Put differently, relevant discovery must "bear[ ] on" an issue related specifically Top's' counterclaims. Oppenheimer, 437 U.S. at 351.

Top's argues that the above topics are irrelevant to the issue of class certification and constitute an improper attempt by Applied to obtain general discovery that should have been requested months, if not years, earlier. (Filing No. 200 at CM/ECF p. 1-2). However, even if the court agrees with Top's that this information could—and should—have been obtained earlier, that does not end the inquiry. Regardless of the parties' past conduct and alleged failure to previously make these requests, they are nevertheless proper if relevant to the class claims.

Two of the contested deposition topics deal with Top's' history in and experience with worker's compensation insurance policies. (see Filing No. 199 at CM/ECF p. 12) (Deposition Topics 4-5). Applied seeks deposition testimony regarding Top's' "history, process, procedure, and practice of considering and selecting workers' compensation insurance" and "workers' compensation insurance experience before, during, and after participating in the Applied Program." (Id). Top's, however, argues that its history and sophistication regarding worker's compensation is irrelevant to the merits of its counterclaims and is therefore outside the scope of the current, limited discovery parameters. Specifically, Top's states that neither consumer fraud statute implicated by its class counterclaims requires that they prove "reliance," rendering irrelevant its sophistication regarding worker's compensation insurance. (Filing No. 200 at CM/ECF p. 6) ("[i]f reliance is not required to establish a claim under the CFA, then obviously Top's sophistication, or lack thereof, is entirely irrelevant to that claim"). In its briefing, Top's does not address the relevancy of these inquiries to its counterclaim requests for unjust enrichment or rescission.

4

But, to recover under either consumer fraud law, Top's must prove a causal relationship between its purchase of the allegedly illegal insurance policies and the harm it has allegedly suffered. (Filing No. 129 at CM/ECF pp. 26-35). The same is true for its rescission and unjust enrichment remedies. (Id). And Top's admits that limited inquiry into its worker's compensation experience is relevant to those causal requirements. (Filing No. 200 at CM/ECF pp. 7-8) ("Top's has made clear to Applied that it may inquire into Top's experience purchasing insurance from Applied and any other proposals that it may have solicited in 2011 when Top's made the decision to sign the RPA"). Thus, Top's appears to concede that these topics are partially relevant, but argues they are overbroad insofar as they seek information prior to and after 2011.

The court notes that, as drafted, Applied does not set any bounds of time for which it is seeking Top's worker's compensation experience. In that regard, Top's is correct: The inquiry is overbroad as drafted. However, in its brief, Applied states that it seeks this data from the period five years prior to Top's participation in the Applied Program through the date the deposition was noticed. (Filing No. 198 at CM/ECF p. 14). The court agrees with Applied that that time-period is reasonable. Providing a deponent who can testify regarding these topics, for that period of years, is not an unduly burdensome request. The court thus determines that these inquiries are both relevant and proportional, and will grant the motion to compel deposition testimony on those topics, provided that the inquiries are confined to the period of time beginning five years before Top's began participating in the Applied Program and ending at the time of the deposition.

Next, Applied requests deposition testimony regarding Top's' "management structure, ownership and control, business, and affiliates." (see Filing No. 199 at CM/ECF p. 12) (Deposition Topic 6).

Discovery was reopened not only to address the merits of the counterclaims, but also to determine whether a class should be certified at all. And to certify a class under Fed. R. Civ. P. 23, the moving party must establish each of the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and must further establish

that the action qualifies under at least one of the three subsections of Rule 23(b). Evaluation of the Rule 23 criteria must be "rigorous," Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350-51 (2011), and requires the court to, among other considerations, determine whether Top's will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Top's argues that discovery regarding its business structure is irrelevant to the court's assessment of the Rule 23 factors. The court disagrees. The court is tasked with deciding whether Top's can adequately represent its proffered classes, but Top's is simultaneously resisting a basic inquiry into its corporate structure.

Top's correctly notes that "a class representative's character deficiencies may serve as a viable challenge to a finding of adequacy, [but] 'courts look to personal characteristics only insofar as they touch upon the lawsuit.'" (Filing No. 200 at CM/ECF p. 8) (quoting Chime v. Peak Sec. Plus, Inc., 137 F. Supp. 3d 183, 211 (E.D.N.Y. 2015)). Top's argues that an inquiry into its business structure is an attempt by Applied to dredge up "character deficiencies" surrounding Top's alleged financial difficulties that in no way touch or relate to this lawsuit. That argument is entirely speculative. It is for the court to determine whether any uncovered deficiencies are properly considered under Rule 23's adequacy prong. And Top's' argument that any such information would be inadmissible under Fed. R. Evid. 403 is similarly unavailing. Discovery need not be admissible to be relevant under the discovery rules. Fed. R. Civ. P. 26(b)(1). ("[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable").

Based on the foregoing, the court will grant the motion to compel testimony regarding Top's' "management structure, ownership and control, business, and affiliates" as reasonably calculated to lead to evidence relevant to its adequacy as class representative. Fed. R. Civ. P. 23.

Finally, even under the broad scope of Rule 26, Applied's request for deposition testimony regarding "affirmative defenses asserted in its amended answer in this Action"

clearly seeks, at least in part, information completely irrelevant to the class counterclaims. (see Filing No. 199 at CM/ECF p. 12) (Deposition Topic 7). This proposed topic purports to request information as to <u>all</u> affirmative defenses in Top's' amended answer, many of which bear no relation to the class issues. As indicated above, discovery has not been reopened as to all claims: Any discovery not related specifically to the class claims is improper. The court will deny the motion to compel this testimony but notes that Applied may inquiry into an affirmative defense so long as it touches or relates to one of the class claims.

In sum, the court will grant in part and deny in part Applied's motion to compel the testimony requested in its 30(b)(6) Notice. The requests for worker's compensation information and corporate structure are relevant and proportional to the present needs of the case. But the request for information regarding affirmative defenses is overly broad and requests information wholly unrelated to purposes for which discovery was reopened.

II. Rule 45 Subpoena Directed at Non-Party Global.

Global, Top's' worker's compensation broker, has resisted discovery related to two document production requests and two deposition topics requested in a nonparty subpoena for documents and testimony. All four topics relate specifically to Top's' purchase of and experience with worker's compensation insurance. (Filing No. 199 at CM/ECF pp. 20-21) (Deposition Topics 3-4, Document Request Nos. 3-4). As discussed at length above, the court has determined that inquiry into Top's worker's compensation insurance experience is reasonably calculated to lead to information regarding the counterclaims' causation requirements. The same is true here. The court will grant the motion to compel testimony and production from Global regarding the contested topics for the reasons outlined above.

The court notes that the requests targeted at Global are bounded in time to a five-year period before Top's began participating in the Applied Program, through the date of

the deposition. As noted in the discussion above, the court determines that time period is reasonable.

Accordingly,

IT IS ORDERED:

1) Applied's motion to compel ([Filing No. 197](#)) is granted in part and denied in part as outlined in this order.

2) The deadline for completing class certification discovery is September 7, 2018.

3) Applied's deadline for filing its response to the motion for class certification is October 9, 2018.

Dated this 24th day of July, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
