IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| APPLIED UNDERWRITERS, INC., a Nebraska Corporation,<br><br>          Plaintiff and counterclaim defendant,<br><br>vs.<br><br>TOP'S PERSONNEL, INC., a New Jersey Corporation,<br><br>          Defendant and counterclaimant. | 8:15-CV-90<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (filing 227) recommending that the Court deny Top's Personnel's Motion for Class Certification (filing 161). The Court has conducted a de novo review of the Magistrate Judge's opinion, as well as the parties' submissions to the Magistrate Judge and briefing on Top's objection (filing 228) to the findings and recommendation, *see* 28 U.S.C. § 636(b)(1), and the Court will adopt the Magistrate Judge's findings and recommendation.

In support of its objection, Top's primarily takes issue with the Magistrate Judge's reliance on the Eastern District of California's decision in *Shasta Linen Supply, Inc. v. Applied Underwriters*—a decision involving the denial of a class of California participants in the exact same Applied programs at issue here. No. 2:16-cv-158, 2019 WL 358517 (E.D. Cal. Jan. 29, 2019); filing 227 at 1. Specifically, Top's argues that (1) the Magistrate Judge misapplied the *Shasta Linen* decision to the New Jersey class superiority analysis, and (2)

*Shasta Linen* does not, and cannot, support the Magistrate Judge's conclusion that the commonality requirement is not met. *See* filing 228 at 10-13, 22.[1]

The Court will begin its analysis with Top's first contention—the issue of superiority, which is required for the Fed. R. Civ. P. 23(b)(3) class certification that Top's seeks. The purpose of the superiority analysis is to determine whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3); *see also Perras v. H & R Block*, 789 F.3d 914, 916 (8th Cir. 2015). Specifically, Fed. R. Civ. P. 23(b)(3) sets forth four non-exhaustive factors in determining superiority: (1) the class members' interests in individually controlling the litigation; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. The Magistrate Judge concluded that after considering those factors, the proposed national and New Jersey class action was not superior to other available methods of adjudication. Filing 227 at 22.

As noted above, in reaching that conclusion, the Magistrate Judge relied on *Shasta Linen*. Specifically, the Magistrate Judge determined that, similar to the proposed class in *Shasta Linen*, the class participants in this litigation have divergent interests, they are capable of litigating or arbitrating on their

---

[1] The Court notes that Top's objection is focused solely on whether the New Jersey class should be certified. Filing 228 at 3. Accordingly, the Court finds that any objection to the Magistrate Judge's recommendation with respect to the nationwide class have been waived, and will adopt that recommendation without further discussion. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 149-51 (1985); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009).

own, they have interests in controlling their own litigation, and finally, that class treatment would be unmanageable. *See* filing 227 at 19-22; *see also* filing 230 at 8. So, the Magistrate Judge recommended that Top's' motion for class certification be denied. Top's objects, claiming in particular that the Magistrate Judge's conclusion on the third factor—current litigation—is incorrect. Filing 228 at 12-13. That is true, Top's claims, because in reaching that determination, the Magistrate Judge mistakenly relied on the *Shasta Linen* decision. And, according to Top's, the underlying concerns of *Shasta Linen* are not applicable to the New Jersey sub-class. *See* filing 228 at 12-13.

Generally speaking, Top's claims that *Shasta Linen* is factually distinguishable from the current litigation. To support that contention, Top's points out that in *Shasta Linen*, where the plaintiffs attempted to certify a class of California participants, there were several pending actions involving California participants. 2019 WL 358517, at *4. And it is the existence of the California litigation, Top's argues, that made certification of the California class action inappropriate. But here, Top's asserts, "there are almost no other similar claims against Applied from New Jersey plaintiffs. . . ." *See* filing 228 at 10. So, Top's contends that the Magistrate Judge's superiority analysis is incorrect. *See* filing 228 at 10.

The Court disagrees. As a preliminary matter, the *Shasta Linen* decision describes broad, underlying considerations involving the nature and extent of the exact Applied programs at issue in this litigation—making it highly instructive. *Id.* at *4-8. And second, Top's understanding of the *Shasta Linen* decision is too narrow. Indeed, Top's suggests that *Shasta Linen* implicitly acknowledged that "the presence of other claims in other jurisdictions" is "entirely irrelevant to the issue of whether a New Jersey class should be

certified." Filing 228 at 5. That understanding, however, misconstrues the Magistrate Judge's use of *Shasta Linen*.

In *Shasta Linen*, the court considered whether "the extent and nature of *any* ongoing litigation concerning the controversy already commenced by [] members of the class" would make the California sub-class inappropriate. *See id.* (emphasis added); *see also Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1191 (9th Cir. 2001). In doing so, the court noted that litigation was pending throughout California. *Shasta Linen*, 2019 WL 358517, at \*4. But based on its examination of those cases, the court observed that the matters "differ[ed] from each other in many respects," because the plaintiffs' claims in different cases varied widely. *Id*. at \*4-5. And the court also observed that many potential plaintiffs who had *not* filed lawsuits might have deliberately elected to do so—and "[w]here putative class members are differently situated as to this willingness to litigate, it would be superior to leave the decision to prosecute any action to the individual participants in the program." *Id*. at \*5.[2]

The California court may have been examining California cases—but there is every reason to believe that the court's observations are more generally relevant. And that is the lesson the Magistrate Judge took from *Shasta Linen*: that "the extent and nature of these proceedings appear to vary considerably." Filing 227 at 21. The lack of a substantial body of pending New Jersey litigation might make class certification *procedurally* simpler here, but it does

---

[2] For that reason, the Court is not persuaded by Top's suggestion that "[t]he fact that there is not a single litigation by another [New Jersey] class member suggests that the members of the putative class do not in fact have a greater interest in controlling their claims than Top's." Filing 228 at 12. Whether or not the premise of this argument is accurate, the conclusion does not follow: it is at least as easy to conclude that other members of the putative class *do* have an interest in controlling their claims, and decided not to litigate them.

nothing to reassure the Court that the *substantive* variations observed by the California court would not appear—and the Magistrate Judge was certainly entitled to rely on the California court's experience in addressing this issue.

In addressing the Rule 23(b)(3) factors more generally, Top's goes on to suggest that the Magistrate Judge erred in finding that the large sums of money involved in potential claims provide claimants with a greater interest in controlling separate litigation. Filing 228 at 10; *see* filing 227 at 19-20. "It does not appear," Top's argues, "that the Magistrate Judge considered the authority submitted in Top's Reply Brief. . . ." Filing 228 at 10 (citing *Boyd v. Bank of Am. Corp.*, 300 F.R.D. 431, 444 (C.D. Cal. 2014)). The Court does not look favorably on counsel's implication that the Magistrate Judge must not have bothered to read the briefs. And there is nothing to support that implication: the proposition Top's urges on the Court is that "the fact that the claims are high value simply means that the value of the claims does not weigh *in favor* of certifying the class; it does not necessarily mean that the value of the claims weighs *against* certifying the class." *Boyd*, 300 F.R.D. at 444. But a rule that high-value claims do not *necessarily* weigh against class certification would not preclude an individual finding that in a particular case, they do. And the Magistrate Judge's finding here—that potential class members "have a greater interest in controlling separate litigation, as they will not be disincentivized by a de minimis recovery," filing 227 at 20—is well-supported.

Finally, Top's sums up its discussion of the superiority requirement by asserting that under "[t]he third and fourth factors, the desirability of concentrating the litigation in this forum and manageability of the class action," the applicability of New Jersey law to the proposed New Jersey class "eliminat[es] any concerns regarding class certification." Filing 228 at 12. But what the Magistrate Judge found was that "[c]ommon issues will be dwarfed

by individual issues of law and fact, particularly regarding choice- and conflict-of-law issues." Filing 227 at 21. And Top's argument to the contrary isn't entirely responsive. The Magistrate Judge's conclusion was addressed at both the proposed nationwide and New Jersey classes—it was the nationwide class that "particularly" presented choice- and conflict-of-law issues, and the Magistrate Judge's conclusion on that point was so indisputably correct that Top's decided not to dispute it. But the absence of choice- and conflict-of-law issues for the New Jersey class does nothing to remedy the individual factual differences among the putative class members, which the Magistrate Judge's opinion discussed in the context of Rule 23(a) and which she specifically incorporated into her discussion of Rule 23(b)(3). *See* filing 227 at 21.

In sum, the most that Top's can generate in support of its objection is that the class members' interest in individually controlling litigation doesn't "weigh[] against certifying the class," that there are no "concerns regarding class certification" with respect to "the desirability of concentrating the litigation in this forum and manageability of the class action," and that current litigation "favors class certification" because there aren't other pending New Jersey cases. Filing 228 at 10, 12. In other words, three of the four superiority factors are at best neutral, and the factor upon which Top's relies is simply that there aren't other lawsuits. But Top's had the burden of proving it met the requirements of Rule 23(b)(3). *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013). Top's contention that a class action is the superior way to resolve this controversy because it was the first New Jersey plaintiff to sue is . . . not compelling. The Court finds no error in, and will adopt, the Magistrate Judge's finding that the superiority requirement of Rule 23(b)(3) was not proven.

Top's also suggests that the Magistrate Judge erred in relying on the *Shasta Linen* on the issue of commonality, because *Shasta Linen* was decided

on superiority grounds. *See* filing 228 at 16; *see also* filing 227 at 15. Fair enough—although Top's' argument ignores the obvious fact that many of the factors to be considered in class certification overlap, so observations made in the context of one factor may well be applicable to others.

Nonetheless, the key question for class certification with respect to the question of commonality is "not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (internal quotations omitted). And the Magistrate Judge concluded that in this case, the differences between program participants will require "necessary individualized factual inquiries [that] will preclude common answers apt to drive the resolution of the litigation." Filing 227 at 15. The Magistrate Judge bolstered that finding by noting, for example, that determining "ascertainable loss"—a key element of the state fraud claim—necessarily requires individual determinations and assessments unique to each class member. *See* filing 227 at 15. Those individualized inquiries will not produce common answers for class members. So, the Court will overrule Top's objections on those grounds.

With respect to Top's other arguments, the Court agrees with the Magistrate Judge's findings, which are determinative of the remaining issues, and will adopt them. Therefore, the Court will adopt the Magistrate Judge's findings and recommendation in their entirety.

IT IS ORDERED:

1.    The Magistrate Judge's Findings and Recommendation (filing 227) are adopted.

2. Top's' objection (filing 228) to the findings and recommendation is overruled.

3. Top's' Motion for Class Certification (filing 161) is denied.

Dated this 14th day of March, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge